**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4396

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JEFF MBUENCHU, a/k/a Saka,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:15-cr-00222-LO-3)

Submitted: March 13, 2017                Decided: March 20, 2017

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adam M. Krischer, DENNIS, STEWART, KRISCHER & TERPAK, PLLC, Arlington, Virginia, for Appellant. Dana J. Boente, United States Attorney, Rebeca H. Bellows, William M. Sloan, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeff Mbuenchu appeals his convictions for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (2012) (Count 1); and two counts of using or carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Counts 6 and 7). He contends that the evidence was insufficient to support the finding that he participated in a conspiracy to distribute controlled substances because he was not a member of the conspiracy, and the object of the conspiracy was to purchase untaxed cigarettes rather than sell controlled substances. Because, he contends, he was not a member of the conspiracy, he also was not guilty of Counts 6 and 7. Mbuenchu further argues that even if he was a member of the conspiracy alleged in Count 1, there was insufficient evidence to find him guilty of Counts 6 and 7 because none of his coconspirators used or carried firearms during in relation to drug trafficking, nor was their possession of firearms in furtherance of drug trafficking. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). A defendant challenging evidentiary sufficiency carries a heavy burden. *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir.), *cert. denied*, 136 S. Ct. 127 (2015). We will uphold a conviction if, viewing the evidence in the light most favorable to the government, "*any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Barefoot*, 754 F.3d at 233 (internal quotation marks omitted).

To establish guilt of conspiracy to distribute controlled substances, the government must prove that (1) an agreement to possess the controlled substance with intent to distribute existed between two or more persons, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of the conspiracy. *See United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013). "Because a conspiracy is by nature clandestine and covert, there rarely is direct evidence of such an agreement." *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Thus, a "conspiracy may be proved wholly by circumstantial evidence." *Allen*, 716 F.3d at 103 (internal quotation marks omitted). Furthermore, "one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *Id.* (internal quotation marks omitted). In addition, once a conspiracy has been proven, "the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction." *Id.* (internal quotation marks omitted).

After reviewing the record, we conclude that the evidence overwhelmingly shows that Mbuenchu was a member of the drug conspiracy. Mbuenchu's coconspirator and an undercover officer testified that Mbuenchu was the supplier of the Ecstasy and marijuana traded in numerous transactions; this testimony was sufficient to allow a rational juror to find that Mbuenchu was a member of the conspiracy. *See Barefoot*, 754 F.3d at 233; *Yearwood*, 518 F.3d at 226.

Next, to prove a violation of § 924(c)(1), the government must show that "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to

3

a drug trafficking offense or crime of violence," *United States v. Strayhorn*, 743 F.3d 917, 922 (4th Cir. 2014) (internal quotation marks omitted), or "that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime," *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009) (internal quotation marks omitted).

Mbuenchu contends that he is not guilty of Counts 6 and 7 because he was not a member of the conspiracy charged in Count 1. Because a rational juror could find that Mbuenchu was a member of the conspiracy, this argument fails.

Mbuenchu also contends that he is not guilty of Counts 6 and 7 because the firearms traded were used to facilitate the purchase of untaxed cigarettes rather than drugs, as the undercover officers stated that they were willing to accept any type of contraband in exchange for cigarettes. However, the purchases of the untaxed cigarettes by the coconspirators were accompanied by the simultaneous sale of drugs and guns by those same coconspirators. The fact that the undercover officers were willing to accept multiple forms of payment for untaxed cigarettes is beside the point when on the charged dates, Mbuenchu and his coconspirator decided to exchange drugs and guns for untaxed cigarettes. In these transactions, the guns were not merely coincidental to the transactions, but instead were integral. *See United States v. Lipford*, 203 F.3d 259, 267 (4th Cir. 2000); *United States v. Claude X*, 648 F.3d 599, 604 (8th Cir. 2011). Thus, we conclude that a

rational juror could find that Mbuenchu used or a carried a firearm during and in relation to a drug trafficking crime.[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because a rational juror could find that Mbuenchu used or a carried a firearm during and in relation to a drug trafficking crime, we need not address Mbuenchu's contention that he did not possess a firearm in furtherance of a drug trafficking crime. *See United States v. Robinson*, 627 F.3d 941, 954-56 (4th Cir. 2010).